SAVOIE, Judge.
Plaintiffs appeal from a judgment of the trial court sustaining defendant’s exception of no cause of action. We affirm.
Plaintiffs are co-owners in indivisión of a tract of land located in Lafourche Parish. On February 15, 1955, plaintiffs, or their ancestors in title, granted a pipeline right-of-way agreement to defendant. The agreement granted defendant “the right to lay, construct, operate, maintain, inspect, repair, replace, change the size of, and remove a pipeline, in whole or in part....” Defendant then laid a pipeline across plaintiffs’ property. The pipeline measured eight inches in diameter and extended for a distance of 1,061.90 feet and was buried approximately three feet deep.
In 1982, the defendant abandoned the portion of the pipeline which extended through plaintiffs’ property. Plaintiffs allege that they are entitled to damages amounting to the cost of removing the pipeline.
The agreement governing the relationship between the plaintiffs and the defendant in the present case is an affirmative predial servitude. La.C.C. art. 706. The agreement is silent as to a term or *1222 resolutory condition under which it would be extinguished under La.C.C. art. 773. Also, there is no evidence in the record of an express and written renunciation as required by La.C.C. art. 771. Therefore, the agreement is still valid under La.C.C. art. 753, because there is nothing in the record which shows an extinguishment by non-use for ten years.
Since we find that the agreement is still valid, we must look to the terms of the agreement. As has already been noted, under the agreement, the defendant has the sole discretion to remove the pipeline. Therefore, we need not deal with plaintiffs’ other contentions since we find that defendant has a valid contractual right with plaintiffs to have the pipeline remain on plaintiffs’ property. Because defendant does have this right, plaintiffs have no cause of action to have the pipeline removed.
While we note that our ruling may seem somewhat harsh to a landowner on whose property sits a truly abandoned pipeline, the legislature has in fact taken some steps to mitigate against the harshness of some of these situations. See for example, La. R.S. 30:4(E).
For the above reasons, the judgment of the trial court is affirmed at plaintiffs’ costs.
AFFIRMED.